THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 James P.
 Rachels, Petitioner,
 
 
 

v.

 
 
 
 Kathleen M.
 Kelly, Respondent.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal From Lexington County
Kellum W. Allen, Family Court Judge

Memorandum Opinion No. 2012-MO-003
 Submitted January 26, 2012  Filed March
7, 2012   

AFFIRMED AS MODIFIED

 
 
 
 James
 P. Rachels, of Ridgecrest, pro se, for Petitioner.
 James
 W. Corley, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Affirmed as modified pursuant to the
 following authorities.  As to the issue of standing, we find that the issue was
 preserved but that Respondent had standing to bring suit and Petitioner was
 properly joined as defendant.  Wilder Corp. v. Wilke, 330 S.C. 71, 76,
 497 S.E.2d 731, 733-34 (1998); Rule 8, SCRCP.  
As to whether requiring payment by Petitioner to Respondent based
 upon the settlement agreement that was incorporated into the divorce decree was
 proper, we find that the warranty of good faith implied in the parties
 agreement included Petitioners agreement to remit to Respondent any sums the
 parties intended as her property settlement in the case of failure of the
 designated means of payment.  Southern Realty and Const. Co., Inc. v. Bryan,
 290 S.C. 302, 311-12, 350 S.E.2d 194, 199 (Ct. App. 1986).  
As to whether the Uniformed Services Former Spouse Protection Act
 bars enforcement of the settlement agreement, we find that this issue is not
 preserved for the Courts review.  Carroway v. Carolina Power & Light Co.,
 226 S.C. 237, 249, 84 S.E.2d 728, 734 (1954).  
As to whether the monthly payment was calculated appropriately, we
 find that the family court failed to incorporate the parties intent that the
 sum be paid in pre-tax dollars and that the sum should not have included cost
 of living adjustments.  Applying that intent, we find that Respondent was due
 the monthly sum of $389.09 less seventeen percent, or $322.94 per month, from
 the date of Petitioners retirement.  The uncontested finding of the family
 court was that Petitioner had paid Respondent a total of $1,261.92 as of
 October 27, 2008.  Petitioner retired on November 1, 2005.  Therefore, his
 total arrearage as of May 1, 2012, is $25,512.26, reduced by any sums
 Petitioner has paid Respondent since October 27, 2008.  Petitioner is ordered
 to pay Respondent $322.94 per month beginning May 1, 2012, and terminating upon
 the death of either party.  Petitioner is further ordered to pay Respondent an
 additional $500.00 per month beginning May 1, 2012, until the arrearage is paid
 in full.
TOAL, C.J.,
 PLEICONES, BEATTY and KITTREDGE, JJ., concur. HEARN, J., not participating.